# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| TAMMY EATON, | |
|     PLAINTIFF, | |
| v. | Case No. 4:13-cv-385 |
| MIDLAND CREDIT MANAGEMENT, INC., | |
| MIDLAND FUNDING, LLC, | |
| CITIFINANCIAL, INC., | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | |
| EQUIFAX INFORMATION SERVICES, LLC, | |
| and | |
| TRANS UNION, LLC | |
|     DEFENDANTS | |

## **COMPLAINT AND JURY DEMAND**

## **JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1681p.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of violations by the various defendants ("Midland Credit") violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (hereinafter referred to as "FCRA") and the Texas Finance Code and the Texas Business & Commercial Code.

## VENUE

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2), in that all of the defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. The Plaintiff resides in this Judicial District.

## PARTIES

6. The Plaintiff, Tammy Eaton ("Plaintiff"), is an adult individual residing in Tarrant County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and by 15 U.S.C. § 1681a(c).

7. Defendant Midland Credit Management, Inc. ("Midland Credit") is a Kansas corporation operating from California. Midland Credit can be served in Texas via its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E 7th Street, Suite 620, Austin, TX 78701.

8. Defendant Midland Funding, LLC ("Midland Funding") is a Delaware LLC operating from California. Midland Funding can be served in Texas via its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E 7th Street, Suite 620, Austin, TX 78701.

9. Defendant Citifinancial, Inc. ("Citifinancial") is a foreign corporation registered to do business in Texas. Citifinancial can be served in Texas via its registered agent, C T Corporation System, at 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

10. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation registered to do business in Texas. Experian can be served in Texas via its registered agent, C T Corporation System, at 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

11. Defendant Equifax Information Services, LLC is a foreign corporation registered to do business in Texas. Equifax can be served in Texas via its registered agent, Corporation Service Company at 211 E 7th Street, Suite 620, Austin, TX 78701.

12. Defendant Trans Union, LLC ("Trans Union") is a foreign corporation registered to do business in Texas. Trans Union can be served in Texas via its registered agent, The Prentice-Hall Corporation System, at 211 E 7th Street, Suite 620, Austin, TX 78701.

13. Midland Credit is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Midland Credit is a bonded collection agency in the state of Texas.

15. The principal purpose of Midland Credit is the collection of debts using the mails and telephone and other means.

16. Midland Credit regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

17. Midland Funding is a debt buyer that purchases accounts from other creditors at a rate discounted from the face value of the account and tries to collect on the accounts at a profitable rate.

18. Midland Funding is a furnisher of information to consumer reporting agencies.

19. Midland Funding is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

20. Citifinancial is a furnisher of information to consumer reporting agencies.

21. Experian is a consumer reporting agency as that term is defined by 15 U.S.C. 1681A(f).

22. Equifax is a consumer reporting agency as that term is defined by 15 U.S.C. 1681A(f).

23. Trans Union is a consumer reporting agency as that term is defined by 15 U.S.C. 1681A(f).

## FACTUAL ALLEGATIONS

24. At some time in the past, the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account"). The account has been referenced by the defendants with two similar accounts numbers: 674309560178610 and 4309560178610.

25. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

26. The Account allegedly went into default with the original creditor, Citifinancial.

27. At some time in the past, Citifinancial placed the account for collections with Integrity Financial Partners, Inc. ("Integrity").

28. While the account was being serviced by Integrity, the plaintiff made more than 12 monthly payments on the account.

29. In November 2011, the plaintiff accepted an offer from Integrity to settle the account with a lump-sum payment of $2,035.38.

30. The payment of $2,035.38 was made to Integrity on or about November 10, 2011.

31. The payment of $2,035.38 made on or about November 10, 2011, was made to settle the account in full (this payment hereinafter referred to as "settlement payment").

32. After the settlement payment was made on or about November 10, 2011, Midland Funding purchased the account and placed the account for collections with Midland Credit.

33. On or about February 9, 2012, Midland Credit caused a collection letter to be mailed to the plaintiff regarding the account referenced above, but assigned it a Midland account number of 8546246516.

34. The February 9, 2012 letter stated that the current balance on the account was $2,053.10, that the payment due date was March 25, 2012 and that the original creditor was Citifinancial.

35. Knowing that she already settled this account to a zero balance, the plaintiff mailed Midland Credit a dispute letter on or about March 22, 2012. This letter informed Midland Credit that the account was settled prior to the purchase of the account by Midland Funding. The letter also provided Midland Credit with the name of the employee at Integrity with whom she had negotiated the settlement. The plaintiff also included a copy of the receipt letter from Integrity which had all the necessary contact information for Midland Credit to contact Integrity and confirm the settlement of the account.

36. The March 22, 2012 dispute letter from the plaintiff and the included letter from Integrity was also sent to Integrity, Citifiancial, Experian, Equifax and Trans Union.

37. The March 22, 2012 dispute letter from the plaintiff was received by Midland Credit, Midland Funding, Citifinancial, Experian, Equifax and Trans Union.

38. Upon information and belief Midland Credit informed Midland Funding that the account was disputed.

39. Upon information and belief Experian and/or Equifax and/or Trans Union informed Midland Credit and/or Midland Funding and/or Citifinancial that the account was disputed.

40. On May 16, 2012, as a result of her dispute, the plaintiff was mailed a document from CSC Credit Services ("CSC") explaining the results of the re-investigation of her dispute.

41. The May 16, 2012 report from CSC showed that Midland Funding was reporting a $0 balance on the account as of 05/2012 and that Citifinancial was reporting a $0 balance on the account as of 05/2012.

42. Despite the appearance that the inaccurate account information was corrected, Midland Credit and Midland Funding and Citifinancial and Experian and Equifax and Trans Union failed to conduct a reasonable investigation of the Plaintiff's claim.

43. At least by September 2012 Midland Credit reported an inaccurate balance on the account to Equifax and/or Experian and/or Trans Union.

44. Midland Credit also failed to report to the credit reporting agencies that the account was settled.

45. At least by September 2012 Midland Funding reported an inaccurate balance on the account to Equifax and/or Experian and/or Trans Union.

46. Midland Funding also failed to report to the credit reporting agencies that the account was settled.

47. At least by September 2012 Citifinancial failed to report that the account was settled to Equifax and/or Experian and/or Trans Union.

48. At least by September 2012 Equifax allowed inaccurate information about the account to be included in the credit file that Equifax maintained regarding the Plaintiff.

49. At least by September 2012 Experian allowed inaccurate information about the account to be included in the credit file that Experian maintained regarding the Plaintiff.

50. At least by September 2012 Trans Union allowed inaccurate information about the account to be included in the credit file that Trans Union maintained regarding the Plaintiff.

51. In addition to reporting inaccurate information to the credit reporting agencies, Midland Credit mailed more collection letters to the plaintiff in August 2012, October 2012, December 2012, and January 2013.  Each letter demanded payment of an outstanding balance.

52. The January 2013 letter from Midland Credit attempted to even further coerce payment from the plaintiff by threatening that if payment was not received by February 16, 2013, Midland Credit may "proceed with forwarding this account to an attorney."

53. As recently as April 2013, Midland Funding knowingly allowed collection calls to be made to plaintiff nearly every day, including Sundays, and often multiple times each day.

54. As recently as April 2013, Midland Credit continued to cause collection calls to be made to plaintiff nearly every day, including Sundays, and often multiple times each day.

55. Despite being adequately informed that that the account was previously settled to a $0 balance, Midland Credit made approximately 39 phone calls the Plaintiff between March 23, 2013 and April 6, 2013.

56. A report from CSC in January 2013 shows that Midland Funding now lists an account balance of $2,163.

57. A March 8, 2013 letter from Integrity Solution Services, Inc. (f/k/a Integrity Financial Partners, Inc.) to the Plaintiff confirms that the account was settled for $2,335.38.

58. The Plaintiff continues to dispute the Account.

59. The Plaintiff requests that Midland Credit and Midland Funding cease all further communication on the Account.

60. Midland Credit's collector(s) were employee(s) of Midland Credit at all times mentioned herein.

61. Midland Credit acted at all times mentioned herein through its employee(s).

62. Midland Credit acted at all times mentioned herein as an agent for Midland Funding.

63. The purpose for the telephone calls and letters from Midland Credit was to attempt to collect the Account.

64. The telephone calls and letters each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

65. The telephone calls and letters each individually constituted a "communication" as defined by FDCPA § 1692a(2).

66. The only reason that Midland Credit and/or representative(s), employee(s) and/or agent(s) of Midland Credit made telephone call(s) to the Plaintiff was to attempt to collect the Account.

67. The only reason that Midland Credit and/or representative(s), employee(s) and/or agent(s) of Midland Credit had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

68. The only reason that Midland Credit and/or representative(s), employee(s) and/or agent(s) of Midland Credit mailed letters to the Plaintiff was to attempt to collect the Account.

69. All of the acts and omissions of Midland Credit described herein were committed knowingly and/or intentionally.

70. All of the acts and omissions of Midland Funding described herein were committed knowingly and/or intentionally.

## COUNT I – VIOLATION OF FCRA BY MIDLAND FUNDING

71. All prior paragraphs are adopted herein as if set forth word for word.

72. Midland Funding violated 15 U.S.C. § 1681s-2(a)(1)(A) by reporting to the consumer reporting agency information that it knew or had reasonable cause to believe was inaccurate.

73. Midland Funding violated 15 U.S.C. § 1681s-2(a)(8)(E) and 1681s-2(b)(1) by failing to conduct a reasonable investigation with respect to the information the Plaintiff disputed.

74. As a consequence of Midland Funding's actions, the Plaintiff seeks damages pursuant to 15 U.S.C. § 1681n.

## COUNT II – VIOLATION OF FDCPA BY MIDLAND FUNDING

75. All prior paragraphs are adopted herein as if set forth word for word.

76. Midland Funding violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount or legal status of the account.

77. Midland Funding violated 15 U.S.C. § 1692e(8) by communicating credit information to the consumer reporting agencies that it knew or should have known to be false.

78. As a consequence of Midland Funding's actions, the Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k.

## COUNT III – VIOLATION OF FCRA BY MIDLAND CREDIT

79. All prior paragraphs are adopted herein as if set forth word for word.

80. Midland Funding violated 15 U.S.C. § 1681s-2(a)(1)(A) by reporting to the consumer reporting agency information that it knew or had reasonable cause to believe was inaccurate.

81. Midland Credit violated 15 U.S.C. § 1681s-2(a)(8)(E) and 1681s-2(b)(1) by failing to conduct a reasonable investigation with respect to the information disputed by the Plaintiff.

82. As a consequence of Midland Credit's actions the Plaintiff seeks damages pursuant to 15 U.S.C. § 1681n.

## COUNT IV – VIOLATION OF FDCPA BY MIDLAND CREDIT

83. All prior paragraphs are adopted herein as if set forth word for word.

84. The collection attempts of Midland Credit and its representative(s), employee(s) and/or agent(s) after receiving the Plaintiff's March 22, 2012 dispute letter constitute illegal communication in connection with debt collection and violate 15 U.S.C. § 1692d(5)&(6) and 15 U.S.C. § 1692e(2)&(5)&(10).

85. As a consequence of Midland Credit's collection activities and communication(s), the Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

## COUNT V – VIOLATION OF TEX. FIN. CODE BY MIDLAND FUNDING

86. All prior paragraphs are adopted herein as if set forth word for word.

87. By misrepresenting the character, extent, or amount of a consumer debt, Midland Funding violated Tex. Fin. Code § 392.304(8).

88. Pursuant to Tex. Fin. Code § 392.403, the Plaintiff seeks damages, reasonable attorney's fees and costs.

### COUNT VII – VIOATION OF TEXAS FIN. CODE BY MIDLAND CREDIT

89. All prior paragraphs are adopted herein as if set forth word for word.

90. By misrepresenting the character, extent, or amount of a consumer debt, Midland Credit violated Tex. Fin. Code § 392.304(8).

91. Pursuant to Tex. Fin. Code § 392.403, the Plaintiff seeks damages, reasonable attorney's fees and costs.

### COUNT IX – INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY MIDLAND CREDIT

92. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Midland Credit is liable to the Plaintiff for invading the Plaintiff's privacy (intrusion on seclusion). Midland Credit intentionally intruded on the Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person. The Plaintiff suffered actual damages as a result of Midland's intrusion.

### COUNT X – VIOLATION OF FCRA BY CITIFINANCIAL

93. All prior paragraphs are adopted herein as if set forth word for word.

94. Citifinancial violated 15 U.S.C. § 1681s-2(a)(1)(A) by reporting to the consumer reporting agency information about the Plaintiff's account that it knew or had reasonable cause to believe was inaccurate.

95. Citifinancial violated 15 U.S.C. § 1681s-2(a)(8)(E) and 1681s-2(b)(1) by failing to conduct a reasonable investigation with respect to the information Plaintiff disputed.

96. As a consequence of Citifinancial's actions, the Plaintiff seeks damages pursuant to 15 U.S.C. § 1681n.

## COUNT XI – VIOLATION OF FCRA BY EQUIFAX

97. All prior paragraphs are adopted herein as if set forth word for word.

98. Equifax violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable investigation with respect to the information the Plaintiff disputed.

99. Equifax violated 15 U.S.C. § 1681i(a)(5) by allowing inaccurate information to be included in the Plaintiff's file after it was informed of the inaccuracy of the information.

100. As a consequence of Equifax's actions and omissions the Plaintiff seeks damages pursuant to 15 U.S.C. § 1681n.

## COUNT XII – VIOLATION OF FCRA BY EXPERIAN

101. All prior paragraphs are adopted herein as if set forth word for word.

102. Experian violated 15 U.S.C. § 1681i(a)(A) by failing to conduct a reasonable investigation with respect to the information the Plaintiff disputed.

103. Experian violated 15 U.S.C. § 1681i(a)(5) by allowing inaccurate information to be included in the Plaintiff's file after it was informed of the inaccuracy of the information.

104. As a consequence of Experian's actions and omissions, the Plaintiff seeks damages pursuant to 15 U.S.C. § 1681n.

## COUNT XIII – VIOLATION OF FCRA BY TRANS UNION

105. All prior paragraphs are adopted herein as if set forth word for word.

106. Trans Union violated 15 U.S.C. § 1681i(a)(A) by failing to conduct a reasonable investigation with respect to the information the Plaintiff disputed.

107. Trans Union violated 15 U.S.C. § 1681i(a)(5) by allowing inaccurate information to be included in the Plaintiff's file after it was informed of the inaccuracy of the information.

108. As a consequence of Experian's actions and omissions, the Plaintiff seeks damages pursuant to 15 U.S.C. § 1681n.

## RESPONDEAT SUPERIOR

109. The representative(s) and/or collector(s) at Midland Credit were employee(s) of Midland Credit at all times mentioned herein.

110. The representative(s) and/or collector(s) at Midland Credit were agent(s) of Midland Credit at all times mentioned herein.

111. The representative(s) and/or collector(s) at Midland Credit were acting within the course of their employment at all times mentioned herein.

112. The representative(s) and/or collector(s) at Midland Credit were acting within the scope of their employment at all times mentioned herein.

113. The representative(s) and/or collector(s) at Midland Credit were under the direct supervision of Midland Credit at all times mentioned herein.

114. The representative(s) and/or collector(s) at Midland Credit were under the direct control of Midland Credit at all times mentioned herein.

115. The actions of the representative(s) and/or collector(s) at Midland Credit are imputed to their employer, Midland Credit.

116. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## JURY TRIAL DEMAND

117. The Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court grant the following:

118. Judgment in favor of the Plaintiff and against Midland Credit.

119. Actual damages from Midland Credit pursuant to 15 U.S.C. 1692k(a)(1).

120. Statutory damages from Midland Credit in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2).

121. Reasonable attorneys fees and costs from Midland Credit pursuant to 15 U.S.C. § 1692k(a)(3).

122. Judgment in favor of the Plaintiff and against Midland Funding.

123. Actual damages from Midland Funding pursuant to 15 U.S.C. 1692k(a)(1).

124. Statutory damages from Midland Funding in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2).

125. Reasonable attorneys fees and costs from Midland Funding pursuant to 15 U.S.C. § 1692k(a)(3).

126. The greater of actual damages or $1,000.00 from Midland Funding pursuant to 15 U.S.C. § 1681n(a)(1)(A).

127. Punitive damages from Midland Funding pursuant to 15 U.S.C. § 1681n(2).

128. Reasonable attorneys fees and costs from Midland Funding pursuant to 15 U.S.C. §1681n(3).

129. Damages from Midland Funding pursuant to Tex. Fin. Code § 392.403.

130. Reasonable attorneys fees and costs from Midland Funding pursuant to Tex. Fin. Code § 392.403.

131. Damages from Midland Credit pursuant to Tex. Fin. Code § 392.403.

132. Reasonable attorneys fees and costs from Midland Credit pursuant to Tex. Fin. Code § 392.403.

133. The greater of actual damages or $1,000.00 from Citifinancial pursuant to 15 U.S.C. § 1681n(a)(1)(A).

134. Punitive damages from Citifinancial pursuant to 15 U.S.C. § 1681n(2).

135. Reasonable attorneys fees and costs from Citifinancial pursuant to 15 U.S.C. §1681n(3).

136. The greater of actual damages or $1,000.00 from Experian pursuant to 15 U.S.C. § 1681n(a)(1)(A).

137. Punitive damages from Experian pursuant to 15 U.S.C. § 1681n(2).

138. Reasonable attorneys fees and costs from Experian pursuant to 15 U.S.C. §1681n(3).

139. The greater of actual damages or $1,000.00 from Equifax pursuant to 15 U.S.C. § 1681n(a)(1)(A).

140. Punitive damages from Equifax pursuant to 15 U.S.C. § 1681n(2).

141. Reasonable attorneys fees and costs from Equifax pursuant to 15 U.S.C. §1681n(3).

142. The greater of actual damages or $1,000.00 from Trans Union pursuant to 15 U.S.C. § 1681n(a)(1)(A).

143. Punitive damages from Trans Union pursuant to 15 U.S.C. § 1681n(2).

144. Reasonable attorneys fees and costs from Trans Union pursuant to 15 U.S.C. §1681n(3).

145.	Such other and further relief as the Court deems just and proper.

>	Respectfully submitted,
>	/s/ Jeff Wood
>	Jeff Wood, Esq.
>	ArkBN: 2006164
>	103 N. Goliad, Suite 204
>	Rockwall, TX  75087
>	TEL:  615-628-7128
>	FAX:  615-807-3344
>	EMAIL:  jeff@mmlaw.pro
>
>	Of Counsel to
>
>	McClendon & Milligan
>	PO Box 828
>	Franklin, TN  37065-0828